IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 115-072 |
| | ) | |
| CATHEDRAL HENDERSON | ) | |

**O R D E R**

Counsel in the above-captioned case have advised the Court that all pretrial motions have been satisfied or otherwise resolved and that the parties agree as to the need to designate this case complex. (See doc. no. 58.) Therefore, a motions hearing in this case is not necessary, and all pending motions are **MOOT** excluding the motion to designate this case as complex. (Doc. nos. 50-54.)

In the motion to designate this case as complex under the Speedy Trial Act, the government argues that trial within the requisite seventy days is an unreasonable burden on the parties because this case involves numerous false statements entered into the files of hundreds of hospital patients, and there is a voluminous amount of discovery. (Doc. no. 55, p. 3.) Where the Court finds that a "case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established," the Court may exclude such time as necessary to serve the ends of justice. 18 U.S.C. § 3161(h)(7)(B)(ii).

The Court finds, as a matter of fact and law, that the motion is not for the purpose of

1

delay, but in the furtherance of justice, and to protect the defendant's right to a fair trial. The Court also finds that the complexity of this case due to the nature of the prosecution would make it unreasonable to expect adequate preparation for trial within the time limits established. The Court further finds the motion is for the purpose of allowing reasonable time necessary, assuming the exercise of due diligence, for the effective preparation of counsel. Therefore, pursuant to 18 U.S.C. § 3161(h)(7), and on the basis of the Court's finding that the ends of justice served by granting the motion for an extension outweigh the best interests of the public and the defendant in a speedy trial, the Court **GRANTS** the government's motion to designate this case as complex. (Doc. no. 55.) The government does not indicate how much time it needs to prepare for trial, but the Court is familiar enough with this case to conclude that sixty days will be sufficient. Accordingly, the period of delay resulting from this extension –December 18, 2015 until February 16, 2016– is excluded in computing the time within which the trial of this matter may commence.

SO ORDERED this 18th day of December, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA