# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | |
| CATHEDRAL MAURICE HENDERSON | * | CR 115-072 |

# O R D E R

Presently before the Court is Defendant's Motion for Sentence Reduction. (Doc. 121.) Defendant argues that this Court errantly enhanced Defendant's sentence, and, as a result, improperly departed from the sentencing guidelines. Defendant asserts that the departure from the guidelines constitutes clear error under Rule 35(a) of the Federal Rules of Criminal Procedure. The Court **DENIES** Defendant's motion.

## I. Background

On June 3, 2016, a jury convicted Defendant Cathedral Henderson of fifty counts of making false statements relating to healthcare matters in violation of 18 U.S.C. § 1035 and one count of making a false statement to a federal agency in violation of 18 U.S.C. § 1001. (Doc. 95.) In preparation for sentencing, the United States Probation Office prepared a presentence report that calculated a total offense level of 10 with a guideline range of 6-12 months. After reviewing the presentence report, the Government objected to the offense level

computation on the basis that it was too low. The Government claimed that Defendant's offense involved "the conscious or reckless risk of death, or serious bodily injury," thus Defendant's offense level should increase to 14 pursuant to Section 2B.1.1(b)(15)(A) of the United States Sentencing Guidelines. Defendant responded that he had acted only negligently, not consciously or recklessly.

At the beginning of the sentencing hearing, this Court heard arguments on the Government's objection. It then determined that Defendant's offense did involve "the conscious or reckless risk of death, or serious bodily injury." After making that determination, the Court recalculated Defendant's sentence to account for Section 2B.1.1(b)(15)(A) of the Sentencing Guidelines. The recalculated sentence resulted in a new offense level of 18 with a new guideline range of 27-33 months. The Court sentenced Defendant to 27 months. Defendant now asks this Court to review its sentencing decision pursuant to Federal Rule of Criminal Procedure 35(a).

## II. Standard of Review

Federal Rule of Criminal Procedure 35(a) allows district courts to correct, within fourteen days after sentencing, "a sentence that resulted from arithmetical, technical, or other clear error." A district court's authority under Rule 35(a), however, is extremely limited. United States v. Lett, 483 F.3d 782, 787 (11th Cir. 2007). The error corrected must be an

2

"acknowledged and obvious error[] in sentencing" such as sentencing a defendant using an offense guideline applicable to an offense the defendant did not commit or imposing an incorrect sentence based upon "an erroneous statement by the prosecutor and a typographical error in the presentence report." Id. at 788. In other words, the error must be one "which would almost certainly result in a remand of the case." Id. Rule 35 does not allow a district court to merely change its mind or reconsider the sentence imposed. Id.

### III. Discussion

Defendant claims the Court made two errors. First, Defendant claims the Court erred by sustaining the Government's objection to the presentence report. Second, Defendant claims the Court erred because it departed from the sentencing guidelines without proper notice. The Court finds that neither alleged error constitutes a "clear error" as defined by the Eleventh Circuit.

Defendant's first argument fails because the Court's decision to enhance the Defendant's sentence is, at best, only "arguable error." Id. Where reasonable arguments may be made on both sides, a court's conclusion can only be arguable error, not clear error. Id. at 789. In Defendant's case, the Government made a well-reasoned argument to which Defendant gave a well-reasoned response. Both sides made reasonable arguments, and neither party can, with a straight face, argue that the opposing position constitutes clear or obvious error. Thus, if

3

this Court erred at all, it erred only arguably, and arguable error does not provide this Court adequate justification for amending its decision under Rule 35.

Defendant's second argument fails because the Court did not depart from the sentencing guidelines. Defendant argues that the Court departed from the guidelines without notice when it recalculated Defendant's sentencing guidelines to conform with the sentence enhancement imposed as a result of the Government's objection. Defendant is mistaken. The Court did not depart — it recalculated.

Prior to the sentencing hearing, the Court considered written arguments from <u>both</u> sides concerning the Government's objections to the presentencing report and its proposed sentence enhancements pursuant to the sentencing guidelines. Then, at the beginning of the sentencing hearing, the Court heard oral arguments from <u>both</u> sides on the same issue. After carefully weighing the arguments on each side, the Court sustained the Government's objection and applied the sentence enhancement. Next, the Court consulted with probation and recalculated the sentencing guidelines in conformity with Defendant's new offense level. The recalculated guidelines recommended a sentence between twenty-seven and thirty-three months. This Court imposed a sentence on the low end of the guidelines: twenty-seven months.

At no point did the Court depart from the sentencing guidelines. It applied a sentence enhancement, recalculated the

sentencing guidelines in accordance with the increased offense level, and sentenced Defendant to a term of imprisonment within the range suggested by the guidelines. The Court did not sentence Defendant to a term of imprisonment outside the sentencing range suggested by the sentencing guidelines.

Because the Court did not depart from the guidelines, it did not depart without notice. The Court emphasizes, however, that Defendant did have ample notice that the Government's objection to the presentence report could result in a sentence enhancement and an increased offense level. Defendant received notice of the Government's objections, its reasoning, and the potential consequences of an adverse ruling. Additionally, Defense counsel provided written and oral argument in response to the Government's objection. The Court listened to each side's arguments, and made a fully informed decision. For these reasons, Defendant's argument has no merit.

### IV. Conclusion

For the reasons stated above, Defendant's motion (doc. 121) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _14th_ day of November, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA