# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

UNITED STATES OF AMERICA

v.

CATHEDRAL MAURICE HENDERSON

CR 115-072

# O R D E R

Presently before the Court is Defendant's Motion for Release Pending Appeal and Motion for Stay of Sentence to Pay Criminal Monetary Penalties. (Doc. 128.) For the reasons discussed below, the Court **DENIES** Defendant's motions.

## I. Motion for Release Pending Appeal

Defendant's motion for release pending appeal relies upon 18 U.S.C. §§ 3143 and 3145.

**A.  18 U.S.C. § 3143**

18 U.S.C. § 3143(b) provides:

> (2) The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . , be detained unless the judicial officer finds —
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in —
>
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term less than the total of the time already served plus the expected duration of the appeal process.

The burden of proof for all factors rests with the defendant. United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1986).

The Court starts with whether Defendant has produced clear and convincing evidence that he is "not likely to flee or pose a danger to the safety of any other person or the community . . . ." 18 U.S.C. § 3143(b)(2)(A). Defendant offered evidence that he has lengthy ties to the community, he posted a $15,000 appearance bond, his wife was named as the surety/property owner for the cash portion of the bond, he has no criminal history, his crime was not a violent offense, and he was completely cooperative during the investigation and trial. (Doc. 127 at 10.) The Court finds that Defendant produced clear and convincing evidence that he is not likely to flee or pose a danger to this community. Thus, he has satisfied this element.

The Court next addresses whether Defendant raises a substantial question of law or fact. "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." Giancola,

2

754 F.2d at 901. Defendant puts forth three arguments that he asserts raise a "substantial question": (1) the Government failed to make the required showing of materiality; (2) the Government failed to make the required showing of willfulness; and (3) this Court erred in denying Defendant's motion for sentence reduction. None of Defendant's arguments raise a substantial question of law.

Defendant's first argument fails to raise a substantial question because Defendant fails to carry his burden. The sum of Defendant's argument on this count is that "Defendant intends to show on appeal that the Government failed to prove materiality as a matter of law in this case." (Doc. 127 at 13.) Defendant offers no further explanation. This is insufficient. Defendant must convince this Court why the materiality issue is a "close question" or one that could "very well be decided the other way." Giancola, 754 F.2d at 901. Simply asserting that one "intends" to argue an issue says nothing about why that issue is a "substantial question." If appealing an issue sufficed to secure bond after sentencing, then Congress would not have required that the issue raised be substantial. Defendant must offer some authority or other argument on this issue to prevail.

Defendant's second and third arguments suffer from the same fault. Defendant makes virtually no arguments explaining why the issue appealed is a substantial question. Instead,

3

Defendant merely asserts that he is right and will win on appeal. This is not enough. Defendant must convince this Court that the issues raised on appeal are close calls that could go the other way.

Defendant has not established that he has raised any substantial questions of law on appeal. Because Defendant has not convinced this Court that he has raised any substantial question of law, the Court will not proceed to the remaining prongs of § 3143. The Court **DENIES** Defendant's motion to release pending appeal under § 3143.

## B. 18 U.S.C. § 3145

Defendant also argues that he has serious medical issues that qualify as "exceptional circumstances" under 18 U.S.C. § 3145(c) and warrant his release. Section 3145(c) provides that:

> A person subject to detention pursuant section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Section 3145(c) operates as an exception to the detention regulations of § 3143(a)(2) and (b)(2). Generally, § 3143(a)(1) and (b)(1) govern the release or detention of persons pending sentencing or appeal. But, if a person has been convicted of a particular group of crimes described in 18 U.S.C. § 3142(f)(1)(A)-(C), § 3143(a)(2) and (b)(2) govern his release or

4

detention. These provisions place additional restrictions on a district court's ability to release persons pending sentencing or appeal. Section 3143(a)(2) provides that a person convicted of any of these crimes, but awaiting sentencing, may only be released if certain additional criteria are met. Section 3143(b)(2) provides that a person convicted of any of these crimes, but awaiting the results of an appeal, may not be released under any circumstances. Thus, Section 3145(c), by providing for release "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate," establishes an exception to the exception.

The threshold question before the Court is whether § 3145(c) applies to Defendant. The crimes which trigger the restrictions of § 3143(a)(2) and (b)(2) are (A) "crimes of violence . . . for which a maximum term of imprisonment of ten years or more is prescribed"; (B) "an offense for which the maximum sentence is life imprisonment or death"; and (C) "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ." If a defendant has not been convicted for any of these crimes, he is not "subject to detention pursuant to [18 U.S.C.] section 3143(a)(2) or (b)(2)," and the district court cannot apply the exception carved out by § 3145(c).

Section 3145(c) does not apply to Defendant. Because Defendant was not convicted of a crime described by

5

§ 3142(f)(1)(A)-(C), he could not have been subject to detention pursuant to either 3143(a)(2) or (b)(2). Thus, the Court may not order his release pursuant to § 3145(c). The Court cannot apply an exception to a rule when the rule to be excepted does not even apply to the defendant. Therefore, Defendant's motion is **DENIED**.

## II. Motion to Stay Fine Pending Appeal

Defendant also requests that the Court stay his fine pending his appeal pursuant to its authority under Federal Rule of Criminal Procedure 38. Rule 38 states that if the defendant appeals "[t]he court **may** stay the [fine] on any terms considered appropriate . . . ." Fed. R. Crim. Proc. 38 (emphasis added). Defendant has not provided, and the Court has not found, sufficient justification for the use of this discretionary power. Thus, Defendant's motion to stay his fine pending appeal is **DENIED**.

## III. Conclusion

For the reasons stated above, Defendant's Motion for Release Pending Appeal and Motion for Stay of Sentence to Pay Criminal Monetary Penalties (doc. 128) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of December, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA